UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| CEDRIC L. WINTERS, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) No. 4:19-cv-426-ACL |
| DAVID WIEGERT, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on the motion of plaintiff Cedric L. Winters, a prisoner, for leave to commence this civil action without prepayment of the required filing fee. Having reviewed the motion and the financial information submitted in support, the Court has determined to grant the motion, and assess an initial partial filing fee of $1.07. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will dismiss the complaint, without prejudice.

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

In support of the instant motion, plaintiff submitted a certified inmate account statement showing an average monthly deposit of $5.38, and an average monthly balance of $3.59. The Court will therefore assess an initial partial filing fee of $1.07, which is twenty percent of plaintiff's average monthly deposit.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015)

2

(quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even pro se complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against attorney David Weigert, and the Circuit Court for Pemiscot County, Missouri. He states he sues the defendants in their official and individual capacities.

Plaintiff's claims stem from criminal proceedings in the Circuit Court for Pemiscot County, in which he was a defendant represented by Wiegert. In the complaint, plaintiff states he "entered a plea to second degree assault," and he also states he was sentenced on June 17, 2014. (Docket No. 1 at 4). In setting forth his claims against the Circuit Court for Pemiscot County, plaintiff alleges that his "right to due process as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution" and rights secured by the Missouri Constitution were violated "when the Court accepted his plea without a sufficient factual basis to support it." (Docket No. 1 at 4). He alleges that the Court's acceptance of his plea to second degree assault was prejudicial because the State could not actually prove the case against him, and the Court "showed prejudice by their failure to recognize insufficient factual basis to support his plea." *Id.* In setting forth his claims against Wiegert, plaintiff alleges that Wiegert was "ineffective" and "failed to demonstrate the skill and diligence a reasonably competent attorney would display," and that plaintiff was prejudiced by that failure. *Id.*

3

Plaintiff claims he suffered injury to his mental health, and false imprisonment. As relief, he seeks $150,000 in damages.

## Discussion

The Court will first address plaintiff's claims against Wiegert. To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Here, plaintiff alleges that Wiegert provided ineffective and incompetent representation while serving as his counsel during state court criminal proceedings. Plaintiff alleges nothing tending to suggest that any of Wiegert's allegedly wrongful actions were outside the scope of the traditional functions of counsel. Having thoroughly reviewed and liberally construed plaintiff's allegations, the Court concludes that plaintiff's allegations cannot form the basis of a § 1983 claim against Wiegert because attorneys, whether appointed or retained, do not act under color of state law when performing traditional functions as counsel. *See Myers v. Vogal*, 960 F.2d 750, 750 (8th Cir. 1992); *see also Polk County v. Dodson*, 454 U.S. 312 (1981) (public defender does not act under color of state law when performing traditional functions as counsel); *Dunn v. Hackworth*, 628 F.2d 1111, 1112 (8th Cir. 1980) ("The actions of privately retained counsel are not considered state action and therefore cannot form the basis of a § 1983 claim.").

Plaintiff's claims against the Pemiscot County Circuit Court will also be dismissed. The Pemiscot County Circuit Court is an entity of the State of Missouri, and is shielded by Eleventh Amendment immunity. *See McKlintic v. 36th Judicial Circuit Court*, 508 F.3d 875 (8th Cir. 2007), *Harris v. Missouri Court of Appeals, Western Dist.*, 787 F.2d 427, 429 (8th Cir. 1986) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). Finally, plaintiff's statement that the

4

defendants violated Missouri State law, without more, does not state a claim under federal law. *See Bagley v. Rogerson*, 5 F.3d 325, 328 (8th Cir. 1993) (citations omitted).

After filing the instant complaint, plaintiff filed a motion for leave to amend his complaint for the purpose of adding a party. (Docket No. 8). In support, plaintiff stated he named "John Doe" as a defendant in the original complaint, but has since learned that the party's name is Wiegert. He asks that the complaint be amended to specify that the John Doe defendant's name is Wiegert, and to add Wiegert as a party. However, plaintiff did not name a "John Doe" defendant in the original complaint. Instead, as indicated above, he clearly named Wiegert, and Wiegert is already a party to this action. Plaintiff's motion is therefore moot, and will be denied as such.

The Court has carefully reviewed and liberally construed the complaint, and has determined that it is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2). Plaintiff is clear about the claims he wishes to bring and the defendants he wishes to sue, and it is apparent that the problems with the complaint would not be cured by permitting plaintiff to file an amended pleading. The Court will therefore dismiss this action, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.07 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that this case is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Docket No. 3) is **DENIED** as moot.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Amend/Correct (Docket No. 8) is **DENIED** as moot.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

Dated this 6th day of May, 2019.

_John A. Ross_
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE